**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

CHRISTIAN DRIBUSCH and ELIZABETH DRIBUSCH, as legal guardians of C.D.,[1]

Plaintiffs,

v.

WILLOW BAER, as Commissioner of the Office for People with Developmental Disabilities, in her official capacity,

Defendant.

1:25-cv-1721 (ECC/PJE)

---

Michael W. Hawrylchak, Esq., *for Plaintiffs*
Elizabeth Lombardi, Asst. Att'y General, *for Defendant*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiffs Christian and Elizabeth Dribusch bring this action on behalf of their son, C.D., a twenty-six-year-old individual with serious developmental disabilities, against Defendant Willow Baer as Commissioner of New York's Office for People with Developmental Disabilities (OPWDD). *See generally* Dkt. No. 26. On September 18, 2026, the Court issued a Memorandum-Decision and Order on Defendant's motion to dismiss the Verified Amended Complaint (the Decision) in which it dismissed Plaintiffs' claim for violation of the Fourteenth Amendment's Due Process clause pursuant to 42 U.S.C. § 1983, dismissed any requests for purely retrospective declaratory relief, and otherwise denied Defendant's motion. Dkt. No. 50. Presently before the

---

[1] The Court refers to Plaintiffs' son by his initials due to the sensitive medical information discussed in this decision. *See* Dkt. No. 24 at 1 n.1. Unless otherwise noted, citations to page numbers refer to the pagination generated by the CM/ECF system.

Court is Defendant's motion for reconsideration of the Decision pursuant to Federal Rule of Civil Procedure 60 and Local Rule 60.1. Dkt. No. 52. Plaintiffs opposed the motion, Dkt. No. 56, and Defendant filed a reply with leave of Court, Dkt. No. 59. For the following reasons, Defendant's motion for reconsideration is denied.

## I. LEGAL STANDARD

"In this district, there are only three circumstances under which a court will grant a motion for reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error of law or prevent manifest injustice." *Wright v. Martin, Harding & Mazzotti, LLP*, No. 22-cv-515 (MAD/ML), 2024 WL 2399906, at *2 (N.D.N.Y. May 23, 2024) (citation and internal quotation marks omitted); *accord Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). In the context of a motion for reconsideration, "'manifest injustice' is defined as 'an error committed by the trial court that is direct, obvious, and observable.'" *Dejesus v. Malloy*, 582 F. Supp. 3d 82, 85 (W.D.N.Y. 2022) (citation omitted). A motion for reconsideration is not an opportunity to "advanc[e] new facts, issues or arguments not previously presented to the Court" or to "argue those issues already considered when a party does not like the way the original motion was resolved." *Wright*, 2024 WL 2399906, at *2 (citations omitted).

Reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Trasp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The standard for reconsideration is "strict" and is "committed to the discretion of the court." *Jeanty v. Bagley*, No. 22-cv-319 (BKS/TWD), 2023 WL 575832, at *1 (N.D.N.Y. Aug. 11, 2023) (citation omitted).

## II. DISCUSSION

The Court assumes familiarity with the procedural and factual background of this case, as set forth in the Decision. Dkt. No. 50. Defendant seeks reconsideration of the Decision on two grounds: (1) that the Court erred in declining to consider her argument that Plaintiffs' Americans with Disabilities Act (ADA) and Rehabilitation Act claims should be dismissed because Plaintiffs did not request a hearing regarding C.D.'s involuntary admission as provided for by state law, and (2) that the Court erred in concluding that Defendant did not articulate a legitimate governmental purpose with respect to Plaintiffs' Fourteenth Amendment Equal Protection claim. *See generally* Dkt. No. 52-4.

### A. ADA and Rehabilitation Act Claims

In denying Defendant's motion to dismiss Plaintiffs' ADA and Rehabilitation Act claims, the Court held that (1) dismissal was not warranted simply because two State physicians recommended C.D.'s involuntary commitment, (2) the Verified Amended Complaint plausibly alleged that a community-based placement would be appropriate for C.D., and (3) Defendant's argument that the transfer and funding of C.D. to the Judge Rotenberg Educational Center (JRC) in Massachusetts is not authorized by state law was not, itself, a sufficient basis to dismiss the claims. Dkt. No. 50 at 17-22. The Court then stated:

> Finally, Defendant argues that Plaintiffs' ADA and Rehabilitation Act claims should be dismissed because Plaintiffs do not allege that they ever "requested a hearing" regarding C.D.'s involuntary admission on medical certification to Valley Ridge, as provided for by state law. Dkt. No. 41 at 7 (citing N.Y. Mental Hyg. Law § 15.31). The Court declines to consider this argument, which was raised for the first time in Defendant's reply memorandum of law.

*Id.* at 22.

Defendant argues that the Court erred by declining to consider this argument because it was raised in her motion to dismiss. Dkt. No. 52-4 at 6-7. Defendant also argues that the Court

should exercise its discretion in considering the argument as raised in the reply brief because Plaintiffs had the opportunity to file a sur-reply. *Id.* at 7-8. According to Defendant, Plaintiffs' failure to challenge C.D.'s involuntary commitment under state law "causes Plaintiffs' allegations that he can be served in a community-based setting to be implausible." *Id.* at 6-7.

In support of her motion to dismiss, Defendant argued: "Although the Amended Complaint questions the certifications of [the State providers], at no point do the Plaintiffs plead that C.D. has requested a hearing under the Mental Hygiene Law regarding this involuntary admission on medical certification. Plaintiffs' claim lacks factual allegations sufficient to plausibly suggest that C.D. can be served in a community-based setting." Dkt. No. 33-2 at 17 (citations omitted). Defendant's reply memorandum of law referenced Plaintiffs' failure to request a hearing pursuant to the Mental Hygiene Law multiple times, faulting Plaintiffs for not "avail[ing] themselves" of the statutory process to challenge C.D.'s involuntary commitment. *See* Dkt. No. 41 at 7, 9. Plaintiffs' sur-reply argued that Defendant was belatedly raising an "implicit[]" argument that Plaintiffs were required to exhaust state administrative remedies. *See* Dkt. No. 49 at 13. It was this argument—that Plaintiffs' claims should be dismissed for failure to exhaust administrative remedies available to them—that the Court "decline[d] to consider." Dkt. No. 50 at 22. Defendant's motion for reconsideration does not raise the issue of exhaustion or provide any authority that Plaintiffs were required to exhaust administrative remedies before asserting any of their claims. *See generally* Dkt. No. 52-4.

Moreover, to the extent Defendant's memoranda of law challenged the plausibility of Plaintiffs' allegations by noting that Plaintiffs failed to allege they requested a hearing, the Court fully considered whether the Verified Amended Complaint plausibly alleged that a community-based placement would be appropriate for C.D. *See* Dkt. No. 50 at 17-22. Defendant has not

provided any authority to support the contention that Plaintiffs' failure to allege that they requested a hearing regarding C.D.'s involuntary admission renders their allegations that a community-based placement would be appropriate for C.D. implausible *as a matter of law*. As set forth in the Decision, the Verified Amended Complaint contains sufficient factual allegations to plausibly allege that a community-based placement would be appropriate for C.D. *See id.* at 21.

Accordingly, Defendant has not shown a need to correct a clear error of law or prevent manifest injustice.

**B. Equal Protection Claim**

Defendant next moves for reconsideration with respect to Plaintiffs' Equal Protection claim, which the Court understood to challenge the distinction New York's statutory scheme makes between "(1) New York adults who are allowed to *remain* at an out-of-state placement under OPWDD funding and (2) similar adults who, once transferred back to New York, are not entitled to the same funding." Dkt. No. 50 at 23; *see* Dkt. No. 52-4 at 8-11. Specifically, Defendant contends that the Court erred by concluding that Defendant did not "articulate a legitimate governmental purpose" the challenged distinction might serve and therefore that dismissal of the Equal Protection claim was not warranted. Dkt. No. 52-4 at 8-9.

Defendant quotes the portions of her memorandum of law which she contends articulate a legitimate governmental purpose. *See id.* at 9-10 (quoting Dkt. No. 33-2 at 21-23, 28-29). But the quoted portions merely describe the statutes which operate to classify which New York adults are entitled to OPWDD funding for an out-of-state placement based on whether the individuals are remaining at an out-of-state placement or have been transferred back to New York. *See id.* As Plaintiffs point out, "simply describing a distinction does not justify it." Dkt. No. 56 at 17; *see id.* at 19 (noting that the argument that the "differential treatment of C.D. is justified because the statute requires differential treatment" is "circular").

Accordingly, Defendant's motion for reconsideration is denied.

## III. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion for reconsideration, Dkt. No. 52, is **DENIED**; and it is further

**ORDERED** that Defendant must answer the Amended Verified Complaint by November 20, 2026.

**IT IS SO ORDERED.**

Dated: November 5, 2026

Elizabeth C. Coombe
U.S. District Judge